IN RE ESTATE OF HARRY HALL.
DEPARTMENT OF BANKING, APPELLANT, V. NATIONAL BANK
OF COMMERCE, EXECUTOR, APPELLEE.
286 N. W. 262

FILED JUNE 2, 1939. No. 30580.

*Robert H. Downing, Harold Johnson* and *Frank B. Morrison,* for appellant.

*Butler, James & McCarl,* contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

The petition herein is on appeal from an order of the county court of Frontier county, Nebraska, rejecting a contingent claim. The department of banking of the state of Nebraska is receiver and liquidating agent of the Farmers Security Bank of Maywood, Nebraska, claimant, and plaintiff, by B. N. Saunders, superintendent of banks, alleges the following pertinent facts:

The Farmers Security Bank was duly organized and chartered February 12, 1916, and operated as a banking corporation until February 1, 1938. The bank had been insolvent for some time, which fact was known to its officers and stockholders and to defendant executor of the estate of Harry Hall, deceased. On February 5, 1938, the superintendent of banks found, declared and adjudged the bank to be insolvent. The declaration and adjudication of the fact was made in writing and filed with the clerk of the district court in said county; notice was given of said finding and served on or about February 10, 1938, upon the officers and directors of the bank and upon the National Bank of Commerce, of Lincoln, Nebraska, executor of the estate of Harry Hall, deceased. No objection was made by the Farmers Security Bank, its officers, directors, stock-

holders, or the executor of the Harry Hall estate. No attempt was made to appeal to the courts by way of injunction proceedings, or otherwise, from said finding, declaration and adjudication.

In the course of the liquidation of the Farmers Security Bank by plaintiff, in accordance with the provisions of chapter 18, Laws 1933, the defendant ·executor on March 30, 1938, filed a claim with the plaintiff in the receivership proceedings for moneys deposited in said bank by Harry Hall during his lifetime, which claim was classified and allowed by the superintendent of banks under an order dated June 13, 1938, which order was filed with the clerk of the district court of the county on June 14, 1938. It is further alleged that Harry Hall owned 127 shares of the capital stock of the Farmers Security Bank, par value of $100 each, totaling $12,700, for which plaintiff claims his estate is liable to the creditors of the bank 'for unpaid liabilities thereof, which accrued when he was a stockholder, in an amount equal to the stock held by him; that the liability is contingent upon the deficiency due creditors after the assets of said bank have been exhausted, and the proceeds applied upon claims of depositors, and further contingent upon the judgment against the estate in a court of competent jurisdiction. The plaintiff prays the court to order the defendant executor to retain sufficient assets of said estate with which to pay said contingent claim when the same shall become absolute, or, if the estate be insolvent, sufficient to pay a proportionate share of the dividends to other creditors.

The defendant, as executor of the estate of Harry Hall, deceased, demurred to the petition of plaintiff on the following grounds: (1) Said claimant does not have legal capacity to sue. (2) The petition of claimant does not state facts sufficient to constitute a cause of action. (3) Said petition, on its face, discloses that there has been no adjudication of insolvency of the Farmers Security Bank by any court of competent jurisdiction, and the attempt to confer upon the superintendent of banks the power to ad-

judge the insolvency of the bank is an attempt to confer a judicial power upon an executive officer, and is in violation of the Constitution of Nebraska, Const. art. II, sec. 1, which reads: "The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others except as hereinafter expressly directed or permitted." (The foregoing provision of the Constitution is not quoted in the demurrer, but obviously the third paragraph of the demurrer refers directly to such section and article.) (4) Said petition, upon its face, discloses that the plaintiff herein was attempting to be appointed receiver by the legislature of the state of Nebraska independently of the courts, and that the attempt is a judicial proceeding to make the statutory designation of a receiver binding and conclusive upon the courts, in violation of the Constitution. The demurrer was sustained by the trial court. The department of banking elected to stand upon the petition and not plead further. The claim and petition of the department were dismissed. Plaintiff appeals to this court.

The principal question raised in this appeal is whether or not the claimant did have legal capacity to sue, and the questions presented on this appeal are identical with those presented in the case of *Department of Banking v. Hedges, ante,* p. 382, 286 N. W. 277, except that the instant case arises under the Constitution of Nebraska as it existed prior to the 1930 amendment (Const. art. XII, sec. 7), while the *Hedges* case arises under the 1930 amendment. There is not involved in the case at bar the question of impairment of obligation of contracts, as provided in section 10, art. I of the Constitution of the United States, which prohibits a state from impairing obligations of a contract. In all other respects and on the points of law raised, as far as this appeal is concerned, the opinion in *Department of Banking v. Hedges, supra,* controls.

The trial court erred in sustaining defendant's demurrer.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED.